(91 South. 759)

No. 25121.

**STATE ex rel. PAILLET v. BOARD OF PAROLE.**

**In re PAILLET.**

(March 13, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Mandamus** &#9750;187(2)—**Order denying writ is "final judgment" from which an appeal lies.**

An order denying a writ of mandamus is a "final judgment" in so far as the relief sought therein is concerned when the application has been made and refused by a court of original jurisdiction, and under Code Prac. art. 565, an appeal from such an order lies.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. **Mandamus** &#9750;187(5)—**Mandamus to compel board of parole to file application for parole is a "civil action" in which one year is given for appeal.**

The application of a prisoner for mandamus to compel the board of parole to file an application for a parole under Act No. 125 of 1916,

§ 6, is a civil action of which a district court had jurisdiction under Const. 1921, art. 7, § 35, giving district courts jurisdiction "in all cases where * * * civil rights are involved, * * * *" and the relator had one year within which to appeal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Civil Action—Case—Suit—Etc.]

3. **Courts** &#9750;224(6)—**Supreme Court held to have appellate jurisdiction of order denying writ of mandamus to compel board of parole to file application for parole.**

Where the application of a convict for mandamus to the board of parole to compel it to file an application for a parole was denied on the ground that Act No. 125 of 1916, § 6, relating to paroles of life-term convicts, was unconstitutional, the Supreme Court has jurisdiction of the appeal under Const. 1921, art. 7, § 10, par. 5, giving it jurisdiction of all cases in which "the law of this state has been declared unconstitutional."

Petition for parole by Herman D. Paillet to the Board of Parole. On its refusal to file relator's application, he applied to the district court for the parish of East Baton Rouge, Hon. H. F. Brunot, Judge, for a writ of mandamus. From its order denying the writ and refusal to permit an appeal therefrom, relator applies to this court for writ of mandamus to the district court for the Parish of East Baton Rouge, Hon. H. F. Brunot, Judge, to compel the granting of such appeal. Writ made peremptory, and district court ordered to grant an appeal from its order denying the writ of mandamus.

Jas. R. Parkerson, of Franklin, and H. Payne Breazeale, of Baton Rouge, for relator.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. Relator made application to the state board of parole for a parole, and that body declined to file or consider the same upon the advice of the Attorney General. Thereupon the relator asked the respondent judge for a writ of mandamus to

compel said board to file and consider his application; and, this being denied, sought an appeal to this court, which was likewise refused by the lower court. He now invokes the supervisory power of this court to compel the granting of said appeal.

In response to the rule nisi issued by us, respondent says, among other things, that—

"More than ten days after respondent refused to issue the writ of mandamus applied for by relator, application was made to respondent for an order of appeal from respondent's refusal to issue the writ. The application for the order of appeal was denied because no issue had been joined, no hearing had and no judgment rendered, therefore an appeal could not be ordered, and moreover the application for appeal was not timely."

[1] The right of appeal exists from all final judgments or orders having the effect of judgments which dispose finally of a litigant's demands. C. P. 565. An order denying a writ of mandamus is a "final judgment," in so far as the relief sought therein is concerned, when the application has been made and refused by a court of original jurisdiction.

[2, 3] The next question is as to whether the proceeding in which the action of the lower court is complained of was a civil or criminal case, in the sense of the Constitution fixing the jurisdiction of the appellate courts; if a criminal case, the relator had only three days in which to move for an appeal (Act 108 of 1898); but, if it was a civil matter, he had one year in which to appeal.

We think it was a civil case, for the reason that it does not involve an inquiry into a criminal judgment, either preliminary or final; the action and judgment of the criminal district court for the parish of Orleans, where relator was tried and sentenced, having become final and now being in the course of execution by the serving of the life sentence imposed upon the prisoner. The proceeding is one originating in an entirely different court, having jurisdiction of the board of parole, to compel it to file and consider the application of relator for a parole, under authority alleged to flow from section 6 of Act No. 125 of 1916. It is the assertion of a supposed civil right, and to compel the discharge of an alleged civil function, which it is claimed vests in said board, and of which the lower court had jurisdiction in view of the third paragraph of section 35 of article 7 of the Constitution of 1921, which gives the district courts throughout the state jurisdiction "in all cases where * * * civil rights are involved. * * *"

Hence relator had one year within which to pray for appeal after the refusal of the mandamus.

We come next to the question of whether or not we would have jurisdiction of the appeal, in aid of which the mandamus from us is sought in the present application. Having determined that the case is a civil one, and there being no moneyed claim involved, is there any other feature which falls within our appellate jurisdiction?

In his return, the respondent judge further says:

"On the application of a life termer for a similar order, made to respondent in 1917, wherein was presented the correctness of the opinion of Attorney General A. V. Coco of date June 13, 1917, a copy of which opinion is attached to relator's application, respondent had occasion to review that opinion and to interpret Acts 123, 124 and 125 of 1916, and found that in respondent's opinion these acts do not impose any duty upon the board of parole with reference to applications for parole made to the board by life termers."

One of the reasons given by the Attorney General why the board could not consider the application of a life termer was that section 6 of Act 125 of 1916, reading:

"That no parole shall be granted to any convict serving a life sentence until he shall have served at least one-third of the actual time he would have served if classed as eligible for reduction of sentence under the laws of this state, and in case of 'life termers' the parole must be approved by the board of pardons"

—was unconstitutional, because this provision is not covered by the title.

We take it, therefore, that the respondent judge agreed with the Attorney General as to the unconstitutionality of this section, and the effect of his ruling denying the writ was to so hold. Hence we would have jurisdiction of the appeal under the fifth paragraph of section 10 of article 7 of the Constitution, giving us jurisdiction of all cases wherein "a law of this state has been declared unconstitutional." We, of course, express no opinion as to the correctness of that ruling, but will dispose of it when the case reaches us on appeal, merely holding herein that the relator is entitled to his appeal upon complying with the requisites of the law.

For the reasons assigned, the writ of mandamus is made peremptory, and the lower court is ordered to grant an appeal from its order denying the relief sought by relator below, returnable to this court according to law.