REDMANN, Judge.
The City of New Orleans appeals from a judgment granting, “for the written reasons herein filed,” a preliminary injunction prohibiting the City and its agents, contractors, etc., “from disturbing plaintiff in the peaceful possession of its property and from making any further repairs thereto”.
The written reasons declare unconstitutional the ordinance under which the City had undertaken to repair plaintiff’s building.
That ordinance, Code of the City of New Orleans, Ord. No. 828, M.C.S., § 30-12(2), as last amended and reenacted by Ord. No. 4028, M.C.S., provides that where it is determined that a dwelling, though not unfit for human habitation, does violate certain of the Minimum Housing Standards of the Code, the City may order the owner to repair, and the order shall advise the owner that on noncompliance,
“(B) The Administrator may, subject to funds to be made available, have the dwelling repaired, altered, or improved to correct the above mentioned conditions. The cost of the repairs, alterations, or improvements are a lien against the real estate and shall be assessed and collected as a special tax. To defray costs of this provision, ten percent of the cost of the repairs shall be considered a part of the cost, and assessed with same. Repairs will be contracted for in accordance with the contracting policy of the Department of Property Management.
“(C) The cost of repairs mentioned in the above sub-sections are to be paid from a special revolving fund to be established by the City and replenished and sustained by enforcement of the lien and tax mentioned above.”
The trial court’s written reasons for judgment conceded the City had some police power, but the reasons opined:
“However, not every sanction which a Municipal body would like to impose to effectuate a legitimate end may consti *724 tutionally be imposed. The exercise of the police powers of the City to protect the welfare of its residents must be balanced against the rights of the individual affected by that exercise of power. In the case at bar, the Court is not convinced that the means employed by the City, that is, contracting to repair someone’s property without his consent, is necessary in order to accomplish the end of eliminating substandard housing. The City admittedly has the authority to order an owner to repair his property. If he does not the City may order the property vacated or demolished. To allow the City the additional process to have the property repaired without the owner’s consent is to violate the owner’s right under the 14th Amendment of the U. S. Constitution. Such power amounts to a taking of his property without due process of law in that the property will be altered according to the specifications of the City with materials satisfactory to the City and not necessarily the owner. In addition, the expense of costly repairs will be assessed as a tax lien against the property. The owner will be forced to expend money which he does not wish to expend to pay the lien or in the alternative face the consequence of having his property sold to a tax purchaser. When the City has the authority to demolish a building which is dangerous to the public health, safety and morals, whose owner refuses to repair it, there is no valid reason, and hence it is unconstitutional, to impose further financial coercion on the property owner.
“There will be judgment accordingly.”
Because under Const. Art. 7 § 29 this court does not have jurisdiction where the Supreme Court is given jurisdiction by Art. 7 § 10, and the latter section in its fourth paragraph, subpara. (2), gives the Supreme Court jurisdiction in “Cases in which an ordinance of a * * * municipal corporation * * * has been declared unconstitutional”, we raised the question whether we have jurisdiction in this appeal.
The City urges that since the declaration of unconstitutionality is found only in the reasons for judgment, and not in the judgment itself, jurisdiction lies here. It cites dictum from Batts v. Marthaville Mercantile Co., 193 La. 1072, 192 So. 721 (1939):
“There is no merit in the argument that this court has jurisdiction over the suit because it is an attack upon the constitutionality of the chattel-mortgage law. In the first place no such attack is made in the suit. And in the second place if the constitutionality of the statute had been questioned this court would not have appellate jurisdiction unless the statute was adjudged unconstitutional. Const. Art. VII, Sec. 10. There was no adjudication on that subject by the District Court in this case.” (Emphasis added.)
The posture of the present case is different both because the constitutional attack was made, and because, if the written reasons for the judgment have significance, there was an adjudication of unconstitutionality. The written reasons give no explanation of enjoining action under the ordinance except its unconstitutionality.
Closer to the point, we believe, is State ex rel. Paillet v. Board of Parole, 151 La. 345, 91 So. 759 (1922), where the Supreme Court held it had jurisdiction of an appeal from a district judge’s simple refusal to issue mandamus to the Board of Parole to file and consider relator’s application for parole. In his return to the Supreme Court's rule nisi, the respondent judge advised that, on reviewing an opinion of the Attorney General, he concluded that the legislative Acts did not impose any duty on the parole board “with reference to applications for parole made to the board by life termers.” The Supreme Court noted, 91 So. at 760, that “one of the reasons” the Attorney General concluded the board could not consider the application of one sentenced to imprisonment for life was that *725 the pertinent statute, Acts 1916, No. 125 § 6, was unconstitutional because broader than its title. The Court reasoned:
“We take it, therefore, that the respondent judge agreed with the Attorney General as to the unconstitutionality of this section, and the effect of his ruling denying the writ was to so hold. Hence we would have jurisdiction of the appeal under the fifth paragraph of section 10 of article 7 of the Constitution, giving us jurisdiction of all cases wherein ‘a law of this state has been declared unconstitutional.’ ”
We conclude that where, as here, a judgment enjoins action under an ordinance “for the written reasons” that the action authorized by the ordinance is unconstitutional, the case is one in which the ordinance “has been declared unconstitutional” within the meaning of Const. Art. 7 § 10, para. 4(2), and that jurisdiction over the appeal lies not in this court but in the Supreme Court.
It is therefore ordered, under authority of C.C.P. art. 2162, that this appeal be transferred to the Supreme Court.
Appeal transferred to the Supreme Court.