## SCHWEIKER, SECRETARY OF HEALTH AND HUMAN SERVICES, ET AL. v. McCLURE ET AL.

No. A–961.   Decided June 12, 1981

JUSTICE REHNQUIST, Circuit Justice.

Applicants request that I stay a judgment of the District Court for the Northern District of California pending a direct appeal of that judgment to this Court pursuant to 28 U. S. C. § 1252.   On May 5, 1981, applicants filed a notice of appeal.

This case involves the constitutionality of the hearing procedures available under Part B of the Medicare Act, 42 U. S. C. §§ 1395j–1395w, 1395ff (1976 ed. and Supp. III). The Medicare Act is divided into two parts.   Part A provides insurance for hospital and related posthospital services.   42 U. S. C. §§ 1395c, 1395d (1976 ed. and Supp. III).   Part B provides a voluntary program of supplementary medical insurance covering, in general, 80% of the reasonable costs of

1301

certain other services, primarily physicians services and medical supplies. 42 U. S. C. §§ 1395k, 1395*l* (1976 ed. and Supp. III). The Secretary determines whether an individual is eligible to enroll in the Part B program, and the individual is entitled to an administrative hearing and judicial review of that eligibility determination. 42 U. S. C. §§ 1395ff (a) and (b)(1)(B). As to the implementation of Part B, Congress authorized the Secretary to enter into contracts with private insurance carriers under which the carriers would determine and pay Part B benefits on a reimbursable basis. 42 U. S. C. § 1395u. Under these contracts, the carriers receive advances of funds, which they then disburse to claimants in reimbursement for medical services found by the carriers to be covered by Part B. § 1395u (c). If a claimant is dissatisfied with the reimbursement allowed by the private carrier, the claimant is entitled to a "fair hearing" conducted by the private carrier if the amount of the claim is $100 or more. § 1395u (b)(3)(C). The Act does not provide for an appeal to the Secretary of an adverse judgment by the carrier after a hearing.

Respondents, a class of Part B beneficiaries, brought suit challenging the constitutionality of that hearing procedure. In a decision rendered May 19, 1980, the United States District Court for the Northern District of California concluded that Congress' vesting of final decisionmaking authority in the carrier violates the claimant's due process rights because, in the court's view, hearing officers selected by the carrier may be biased and because hearings conducted by administrative law judges employed by the Government may be more reliable. In relief, the District Court ordered that any Part B claimant whose claim was finally rejected after a full evidentiary hearing by the carrier's hearing officer on or after May 1, 1980, be given the opportunity for a *de novo* evidentiary hearing before an administrative law judge of the Secretary. On May 1, 1981, the District Court denied the applicants' application for a stay of its order pending appeal.

In both form and substance, the District Court has declared unconstitutional an important part of the Medicare statute. Given the presumption of constitutionality granted to all Acts of Congress, I believe that there is a substantial likelihood that four Justices of this Court would vote to note probable jurisdiction of the applicants' appeal. In addition, because the District Court's remedial order involves a drastic restructuring of the appeals procedure carefully designed by Congress, it will cause hardship to the applicants. In the application for a stay, the applicants point out that the day-to-day administration of the Part B program requires a determination of a vast number of individual claims for reimbursement. Indeed, even the District Court noted that, in 1978 alone, more than 124 million such claims were processed. *McClure v. Harris*, 503 F. Supp. 409, 416 (1980). The cost of providing administrative law judge hearings to dissatisfied claimants will be substantial even if a small percentage of claimants seek such appeals. Indeed, administrative law judges are already overloaded with cases arising under other statutory provisions in which *Congress* has provided for administrative law judge hearings. I thus believe that the applicants should be relieved of the burden placed on them by the District Court's order until this Court decides whether or not to note probable jurisdiction of the applicants' appeal.

It is, therefore, ordered that the judgment of the District Court in this case be stayed pending the filing and consideration of the jurisdictional statement challenging that judgment by the applicants.