BOWEN, SECRETARY OF HEALTH AND HUMAN
SERVICES *v.* KENDRICK ET AL.

No. A–99. Decided August 10, 1987

CHIEF JUSTICE REHNQUIST, Circuit Justice.

The applicant requests that I stay an order of the United States District Court for the District of Columbia enjoining the enforcement of parts of the Adolescent Family Life Act, 42 U. S. C. § 300z *et seq.* (1982 ed. and Supp. III). It has been the unvarying practice of this Court so long as I have been a Member of it to note probable jurisdiction and decide on the merits all cases in which a single district judge declares an Act of Congress unconstitutional. In virtually all of these cases the Court has also granted a stay if requested to do so by the Government. "The presumption of constitutionality which attaches to every Act of Congress is not merely a factor to be considered in evaluating success on the merits, but an equity to be considered in favor of applicants in balancing hardships." *Walters* v. *National Association of Radiation Survivors*, 468 U. S. 1323, 1324 (1984) (REHNQUIST, J., in chambers). "Given the presumption of constitutionality granted to all Acts of Congress," it is both likely that the Court will note probable jurisdiction here and appropriate that the statute remain in effect pending such re-

view.  *Schweiker* v. *McClure*, 452 U. S. 1301, 1303 (1981) (REHNQUIST, J., in chambers).

Respondents contend that the merits of the case are controlled by the Court's recent decisions in *Wallace* v. *Jaffree*, 472 U. S. 38 (1985), *Aguilar* v. *Felton*, 473 U. S. 402 (1985), and *Grand Rapids School District* v. *Ball*, 473 U. S. 373 (1985).  The District Court agreed with respondents, but the applicant contends that the merits are instead controlled by cases such as *Roemer* v. *Maryland Public Works Board*, 426 U. S. 736 (1976), *Hunt* v. *McNair*, 413 U. S. 734 (1973), and *Tilton* v. *Richardson*, 403 U. S. 672 (1971).  The issue seems to me fairly debatable, and I believe that there is a "fair prospect" that the Court will ultimately reverse the judgment below.  See *Rostker* v. *Goldberg*, 448 U. S. 1306, 1308 (1980) (BRENNAN, J., in chambers).

The application for a stay pending timely docketing of the applicant's appeal and this Court's ultimate disposition of the case is granted.