645 So.2d 208 (1994)
ST. CHARLES GAMING COMPANY, INC.
v.
The RIVER BOAT GAMING COMMISSION, the Parish of St. Charles, the St. Charles Parish Council and Chris Tregre, President of the Parish of St. Charles.
No. 94-CD-2697.
Supreme Court of Louisiana.
November 10, 1994.

*209 ON MOTION FOR CLARIFICATION
PER CURIAM.
This order supersedes the order issued herein on November 3, 1994:
1. In this case probable appellate jurisdiction is noted limited to the question of the constitutionality of the parish zoning ordinance. Article V, § 5(D)(1) of the 1974 Louisiana Constitution provides that a case shall be appealable to this court if a law or ordinance has been declared unconstitutional. In the present case, the trial court declared a parish zoning ordinance unconstitutional in its written reasons for judgment. That declaration appears to be the basis for the trial court's preliminary injunction judgment and therefore cannot be considered as dictum lacking the force of an adjudication. Consequently, this is a case in which an ordinance has been declared unconstitutional and is appealable to this court. Blocker v. City of New Orleans, 218 La. 669, 50 So.2d 643, (1951); State ex rel. Paillet v. Board of Parole, 151 La. 345, 91 So. 759 (1922); Tafaro's Investment Co., Inc. v. Division of Housing Improvement, 246 So.2d 723 (La.App. 4th Cir.1971)
2. The execution of the trial court's preliminary injunction judgment and its declaration of the unconstitutionality of the zoning ordinance is stayed pending further orders of this court. Almost invariably, this court has granted a stay in cases in which a single district judge has declared a law or ordinance unconstitutional. E.g., State v. Peart, 592 So.2d 1325 (La.1992) See Bowen v. Kendrick, 483 U.S. 1304, 108 S.Ct. 1, 97 L.Ed.2d 787 (1987).
WATSON, HALL and KIMBALL, JJ., dissent from granting stay order.
LEMMON, J., not on panel.