On Motion to Dismiss Appeal.
MONROE, J.
Defendant, having been prosecuted for murder, was found “guilty, without capital punishment,” and on April 2, 1909, was sentenced to imprisonment at hard labor for life. On April 13th she applied *379 for, and was granted, an appeal, and the transcript was lodged in this court on April 28th. On the following day the state filed a motion to dismiss the appeal, on the ground that it was not taken in time. The state relies on the provision of Act No. 108, p. 155, of 189.8, which reads:
“Section 1. * * * That appeals to^the Supreme Court, in criminal cases, * * * shall be taken, by motion or in writing, in open court, within three days after the sentence shall have been pronounced.”
It is conceded that, if the three days thus referred to are to be regarded as judicial days, the appeal herein was taken in time; otherwise, that it was too late. The question thus presented was decided in the case of State v. Vicknair, 118 La. 969, 43 South. 635, where it was held, in effect, that the three days allowed by the statute are judicial days.
The motion to dismiss is, therefore, overruled.