2. CRIMINAL LAW (§ 956*)—APPEAL—SEPARA-
TION OF JURY—KNOWLEDGE OF SEPARATION.

The burden was on accused, in a prosecution for a capital offense, in which a life sentence was imposed, to show that he or his counsel did not know of the separation of the jury until after verdict, where objection on that ground was not made until then, in order to require a reversal for such separation.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2384–2390; Dec. Dig. § 956.*]

Appeal from Twelfth Judicial District Court, Parish of Vernon; Don E. So Relle, Judge.

Jake Jefferson was convicted of rape, and he appeals. Affirmed.

C. Evans Hardin and Monk & Kay, for appellant. Walter Guion, Atty. Gen., and James G. Palmer, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. The defendant was convicted of rape, without capital punishment, and was sentenced to the penitentiary for life.

His complaint is that, although the prosecution was for a capital offense, the jury were allowed to separate. Separation of the jury must be availed of before verdict, unless knowledge of it came to the defendant or his counsel only after verdict. In the instant case the irregularity was urged for the first time after verdict by motion for a new trial; and defendant has not shown that the knowledge of it came to him or to his counsel only after verdict. The burden was on him to do so. State v. Gianfala, 113 La. 479, 37 South. 30.

Judgment affirmed.

━━━━━━

(51 South. 204.)

No. 18,020.

STATE v. ROLLINS.

(Jan. 17, 1910.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1069*)—APPEAL—TIME OF
TAKING—DISMISSAL.

An appeal to this court in a criminal case must be made within three days after sentence, by motion in open court, either verbally or in writing. Act No. 108 of 1898. Defendant was convicted in St. Charles parish and sentenced on November 26, 1909, and the order of appeal was granted by the judge in St. John the Baptist parish on December 5, 1909. Therefore the motion for appeal was made more than five days after sentence had been pronounced and not in open court, for it was made in another parish. The motion to dismiss the appeal must be sustained, and the appeal dismissed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2691–2699; Dec. Dig. § 1069.*]

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Judge.

Philip Rollins was convicted of an assault with intent to kill, and appeals. Dismissed.

J. Q. Flynn and L. R. Rivarde, for appellant. Walter Guion, Atty. Gen., and L. H. Marrero, Jr., Dist. Atty. (R. G. Pleasant, of counsel), for the State.

BREAUX, C. J. The district attorney presented an information to the court against Philip Rollins, charging him with having, on or before the 30th day of August, 1909, made an assault upon Isam Thomas with a dangerous weapon, to wit, a pistol, by feloniously shooting at him with intent to kill.

On the 15th day of November, 1909, the accused was found guilty.

During the trial a bill of exceptions was taken on the ground that the state failed to prove that the accused shot at or in the direction of Thomas with intent to kill.

Objection was also urged against the charge of the court on the ground, among others, that it was too general.

Our view of the appeal relieves us from the necessity of passing on the merits.

The court declined to give the charge requested.

In due time, a motion was filed by defendant, through counsel, for a new trial on the ground that there was no evidence adduced on the trial of an assault on the prosecuting witness by shooting at him; that, although the accused was entitled to the benefit of a doubt, the jury did not give him that benefit.

On the 26th day of November, 1909, the accused was condemned to serve at hard labor for a period of one year.

The accused appealed. The state moved to dismiss the appeal on the ground that more than three days had elapsed from the date sentence was imposed to the date of the appeal, and that the order of appeal was granted at chambers and not in open court.

It is true that the appeal was granted, on motion of the attorney for the accused, while the judge was absent in the parish of St. John the Baptist, on the 5th day of December, 1909.

There is no evidence of the filing of the motion. It is quite evident that the appeal was not granted in open court and that over three days had elapsed at the time that it was signed by the judge of the district.

It appears by the order that it was filed in the parish of St. John the Baptist, a parish different from the one in which the defendant was condemned.

The statute leaves nothing for interpretation on the point at issue, for it provides that appeals to this court in criminal cases shall be taken by motion, either verbally or in writing, in open court within three days after the sentence shall have been pronounced. Act No. 108 of 1898.

The requirement of the statute has not been followed. The failure of defendant to obtain a legal order of appeal is fatal. To secure the right of appeal, a defendant must be held to the necessity of complying with the plain provision of the statute.

The order was absolutely null and void. It is as if no order had been entered, and without an order of appeal there can be no appeal.

We limit our decree exclusively to the motion to dismiss the appeal.

The motion is sustained.

For reasons assigned, the appeal is dismissed.