LAND, J.
 

 Under an indictment for breaking and entering a store in the nighttime with intent to steal, the relators, Lloyd W. Brumfield and Edward Wright, were tried by jury May 5, 1928, were found guilty of entering in the nighttime without breaking, and were each sentenced, May 25, 1928, to a term of four years in the state penitentiary.
 

 On June 1, 1928, relators applied for a suspensive appeal from the sentence, which was opposed by the district attorney as coming too late. This objection was sustained by the trial judge, and the right to appeal was denied by him. Thereuxoon relators applied to this court for a writ of prohibition restraining the trial judge from committing them to the state penitentiary, and for a writ of mandamus commanding him to grant relators a suspensive appeal from the final judgment pronounced against them.
 

 Relators aver that, as soon as the sentence was imposed on May 25, 1928, they placed in the hands of the district attorney for examination and signature eighteen bills of exception, preparatory to submitting same to the trial judge for his signature, and that the district attorney agreed in open court that the state would take no advantage of the delay provided by law for the asking of an appeal, if such delay should elapse pending the examination of the bills by him and the signing of the same by the trial judge. The relators and their counsel have made affidavits to substantiate this alleged agreement.
 

 11; is shown, however, by the returns of respondent judge and of the district attorney, and by the affidavit of the clerk of the court, that the only agreement made by the district attorney in open court was to the effect that he would not urge or take advantage of the fact that the bills of exception had not been signed timely before sentence or appeal, an agreement which can be legally made. State v. Young, 153 La. 605, 96 So. 275; State v. Cole, 161 La. 827, 109 So. 505.
 

 In our opinion, the statements of the officials of the court must prevail.
 

 The record shows, as pointed out by respondent judge in his return, that a delay of 20 days elapsed from the conviction of relators until their sentence. This delay was deemed by respondent judge, and appears also ito us to have been, ample and sufficient time for relators to have prepared and presented the bills to the district attorney and the court.
 

 The return made by respondent judge also shows that relators were of the opinion that they had the right to appeal within
 
 10
 
 days from the date of the sentence. In this they were mistaken. The provisions of Act 108 of 1898, requiring that appeals in criminal cases shall be by motion, verbally or in writing, in open court within three days after sentence, are mandatory. State v. Vicknair, 118 La. 963, 43 So. 635; State v. Segreto et al., 124 La. 99, 49 So. 992; State v. Lawrence, 124 La. 379, 50 So. 406; State v. Rollins, 125 La. 297, 51 So. 204; State v. Fowler, 133 La. 972, 63 So. 486; State v. Renfro, 136 La. 588, 67 So. 376; State ex rel. Paillet v. Board of Parole, 151 La. 345, 91 So. 759.
 

 Section 1 of Act 108 of 1898 provides:
 

 “That appeals to the Supreme Court in criminal cases, allowable under the Constitution of 1898 [article 85]
 
 shall
 
 be taken by motion, either verbally or in writing, in open court, within three days after the sentence shall have been pronounced.”
 

 As said in State v. Moore, 52 La. Ann. 606, 26 So. 1002:
 

 “The word ‘shall’ in the statute has a peremptory meaning. ‘Shall’ was not used in the statute to give discretion, but to require peremptorily that all appeals shall be taken within three days after sentence. The statute adopted a positive and absolute rule, in which
 
 *817
 
 public interest is concerned, and which cannot be waived under any of the defined powers given to the prosecution.”
 

 As the trial judge has no discretion in the matter, under the circumstances of the case, the appeal applied for by relators was properly refused as coming too late.
 

 It is therefore ordered that the relief prayed for in the petition of the relators be denied, and that this application be dismissed at their • cost.