HAMITER, Justice.
 

 A bill of information filed on August 19, 1948, charged that the defendant, Edward Manuel, on the 11th day of August, 1948, in the Parish of Orleans “ * * * committed simple burglary of the building and structure No. 3837 Washington Avenue, with intent to commit a theft therein * * On August 23, 1948, defendant pleaded guilty to the charge and on September 8, 1948, he was sentenced to serve a term of three years at hard labor in the state penitentiary.
 

 On September 27, 1948, counsel filed on behalf of defendant in the district court what is styled a motion to revoke and cancel sentence and to set aside plea of guilty. In the motion it is alleged that defendant was without counsel when arraigned and sentenced; that on his arraignment he entered the plea of guilty through error, believing that it was to the offense of simple theft (a misdemeanor) and not to the crime of simple burglary (a felony); that no evidence was heard when the plea was entered or when he was sentenced; that he could not be guilty of simple burglary because he made no unlawful entry into the establishment allegedly burglarized; and that the court, under Article 509 of the Louisiana Code of Criminal Procedure, had the power to set aside the plea of guilty erroneously entered, to annul the sentence, and to grant defendant a new ■trial.
 

 A hearing on this motion was held on September 30, 1948, at which evidence was adduced, and on November 16, 1948, the trial judge denied the relief sought. Thereupon defense counsel excepted to the ruling, obtained and filed a formal bill of exceptions, and, on November 22, 1948, moved for a suspensive appeal to this court which was granted.
 

 In an assignment of errors filed here defense counsel directs attention to a number of alleged errors of law apparent on the face of the record. But we can not consider any of them for the reason that we are not permitted to entertain the appeal.
 

 
 *1001
 
 “No appeal lies in any criminal case, except as otherwise provided in this Code, from any order, ruling or judgment which does not finally dispose of the case. The prosecution and the defense have each the right in an appealable case to appeal from the final prejudicial judgment.
 

 “A case is finally disposed of by any judgment which dismisses the prosecution, whether before or after verdict, that grants or refuses to grant a new trial, that arrests or refuses to arrest judgment, or that imposes sentence.
 

 “The party desiring to appeal in a criminal case shall make in open court a motion for an appeal verbally or in writing, within ten judicial days after the rendition of the judgment complained of; * * Articles 540, 541 and 542, respectively, of Louisiana Code of Criminal Procedure.
 

 The final prejudicial judgment herein— that which finally disposed of this case— was the judgment of September 8, 1948, imposing sentence, and no motion for an appeal therefrom was made within ten judicial days after its rendition. From which it follows that this appeal, untimely taken, must be dismissed. State v. Rollins, 125 La. 297, 51 So. 204 arid State v. Fowler, 133 La. 972, 63 So. 486.
 

 The motion presented on behalf of defendant on September 27, 1948, from the overruling of which this appeal was taken, can not aid in giving us jurisdiction of the case. It was nothing more than a motion for a new trial which should have been filed and disposed of before sentence. “Every defendant has the right to move for a new trial at any time after verdict, but such motion must be filed and disposed of before sentence.” Louisiana Code of Criminal Procedure, Article 505.
 

 Our decision in State v. Hebert, 187 La. 318, 174 So. 369, 371, cited by defense counsel, lends no support to the validity of this appeal. Therein the prejudicial judgment was signed on February 16, 1937, and the appeal was not taken until March 5, 1937, more than ten days later. But in the meantime defense counsel applied to this court for writs, and they were denied on March 1, 1937, on the ground that defendant’s remedy was by appeal. In overruling the State’s motion to dismiss the appeal, we said:
 

 “ * * * The appeal was, therefore, taken in less than ten days after the case was remanded. Under all the circumstances, the defendant cannot be charged with the delays caused by the application for writs. There is, therefore, no merit in the state’s motion to dismiss the appeal on this ground.”
 

 No circumstances of similar nature are presented by the instant case.
 

 For the reasons assigned the appeal is dismissed.
 

 O’NIELL, C. J., does not take part.