199 So.2d 534

## LOUISIANA STATE BAR ASSOCIATION

### v.

### Prentiss E. COX.

### No. 48321.

June 5, 1967.

Walter G. Arnette, Jennings, A. K. Goff, Jr., Ruston, Pat W. Browne, Sr., A. Leon-Hebert, Baton Rouge, James H. Drury, Thomas O. Collins, Jr., New Orleans, for petitioner.

Charles E. Richards, New Orleans, for defendant.

FOURNET, Chief Justice:

This matter is before us on a motion to suppress the copy of the judgment of the defendant's conviction of a felony forming the basis of the disbarment proceeding instituted against him by this Court's Committee on Professional Ethics and Grievances, it being defendant's contention that in securing his conviction he was denied due process of law in contravention of his rights under Article 1, Section 2 of the Louisiana Constitution, and Section 1 of Amendment XIV of the Constitution of the United States.

The Committee's action is in strict conformity with Section 12 of Article 13[1] of

1. Articles of Incorporation of the Louisiana State Bar Association, Article 13,

Section 12—"Whenever any member of the bar shall be convicted of a felony

the rules and regulations governing the Louisiana State Bar Association which was adopted and promulgated as rules of this Court, and this Court in approving the procedure in the cases of Louisiana State Bar Ass'n v. Leche, 201 La. 293, 9 So.2d 566, and Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582, characterized it as a rule of evidence, observing in the latter case, "The rule is based exclusively on the jurisdictional grant for disbarment of attorneys for misconduct and it simply provides for a consideration of the judgment of conviction as prima facie evidence establishing the fact of misconduct." In the course of the opinion the court further observed, "The rule * * * does not deprive the lawyer of his defense, if he has a valid one."

A perusal of the judgment of conviction and minutes of the court will readily disclose that the judgment of conviction is a final judgment [2] in which the defendant has acquiesced as he neither perfected any bills of exception nor did he appeal. This Court is therefore without authority to review these proceedings as to the validity of the conviction. State v. Manuel, 214 La. 998, 39 So.2d 445; State v. Elias, 229 La. 1032, 87 So.2d 521; State ex rel. McIsaac v. Sigler, 236 La. 773, 776, 109 So.2d 89. However, under the rule (Sec. 12, Art. 13) the judgment of conviction of a felony being regarded as prima facie evidence in a disbarment proceeding is not conclusive and, consequently, the defendant may show, if he can, on the trial of the merits of the case that the facts upon which he was convicted are not true or that they do not support the misconduct contemplated by the rules of the court. Furthermore, he may be allowed to offer such facts into evidence that tend to establish any unusual, extraordinary or mitigating circumstances as may exist that may be of assistance to this Court in passing on the merits of the case.

For the reasons assigned the motion to suppress the judgment of conviction is overruled; the case is to be returned to the docket and defendant is ordered to answer within 20 days from the rendition of this decree.

---

and such conviction shall be final, the Committee may present to the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license to practice law in the State of Louisiana. * * * "

2. R.S. 15:542 which was in effect at the time of the conviction in 1964 provided the party desiring an appeal must make his motion within 10 judicial days after the rendition of the judgment complained of.