352 So.2d 623 (1977)
LOUISIANA STATE BAR ASSOCIATION
v.
Irwin L. TUNIS.
No. 55434.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*624 John B. Scofield, Chairman, Lake Charles, Wood Brown, III, New Orleans, Sam J. D'Amico, Baton Rouge, Leonard Fuhrer, Alexandria, Harold J. Lamy, New Orleans, Edgar H. Lancaster, Jr., Tallulah, Henry A. Politz, Shreveport, John F. Pugh, Thibodaux, A. Russell Roberts, Metairie, Thomas O. Collins, Jr., New Orleans, for petitioner, LSBA.
Philippi P. St. Pee', Harahan, curator ad hoc for absent respondent.

DISCIPLINARY ACTION
SUMMERS, Justice.
Irwin L. Tunis, respondent, was indicted by the federal grand jury for the Eastern District of Louisiana on April 3, 1967. The indictment contained multiple counts charging respondent and others with violations of the conspiracy statute, 18 U.S.C. § 371, and multiple counts charging respondent with violating the mail fraud statute, 18 U.S.C. § 1341. He was arraigned and pled not guilty.
After a trial of almost two months, the matter was submitted to the jury on December 18, 1970. On that same day the jury returned a verdict of guilty as to counts 8, 9, 10 and 13. Respondent was sentenced to three years imprisonment on each of the four counts, the sentences on counts 8, 9 and 10 to run concurrently with the sentence on count 13.
Respondent's appeal to the Fifth Circuit resulted in an affirmance on October 25, 1973. United States v. Perez, 489 F.2d 51 (5th Cir. 1973). The Supreme Court denied certiorari on June 10, 1974, and the conviction became final on July 6, 1974. Rule 58, Rules of the Supreme Court of the United States (1970).
Based upon the finality of this conviction, the Louisiana State Bar Association, through its Committee on Professional Responsibility, acting pursuant to the provisions of Section 8, paragraph 7(a) through (d) of Article XV of the Articles of Incorporation of the Louisiana State Bar Association, filed a petition for disbarment with this Court on October 11, 1974.
On August 7, 1975 respondent in proper person filed exceptions which are asserted to be 1) an exception of vagueness, 2) lack of right or cause of action, and 3) lack of jurisdiction. These were referred to the merits. The Honorable James E. Diaz was then appointed as Commissioner on September 24, 1975 to take the evidence and report to this Court his findings of fact and conclusions of law. Thereafter, unable to locate *625 respondent, the Committee moved for the appointment of a curator to represent the absent respondent. Acting upon the representations in that motion, this Court on July 22, 1976 appointed Philippi St. Pee, Esquire, an attorney who had practiced in this State for more than ten years, as curator to represent respondent.
Respondent, through his curator, then excepted to the Committee's charge alleging: 1) the unconstitutionality of Section 8 of Article XV of the Articles of Incorporation of the Louisiana State Bar Association in that Section 8(7)(c) denied a true hearing under the Committee's rules which accept conviction as conclusive evidence of guilt; 2) the Committee's rules prohibit evidence of respondent's detachment from the truly responsible parties and peripheral involvement in the crime, thereby excluding evidence in mitigation; 3) this record fails to show the essential elements of guilt; 4) Section 8 deprives respondent of constitutional rights embodied in Section 3 of Article 15 of the Articles of Incorporation of the Louisiana State Bar Association; 5) the Committee seeks to apply the Articles of Incorporation of the Louisiana State Bar Association, which became effective September 1, 1971, retroactively to these 1965-66 offenses for which respondent was convicted on December 18, 1970; 6) this action should recognize that respondent's conviction only creates a rebuttable presumption of his guilt.
Issue was joined by a general denial filed by the curator on behalf of respondent, whereupon the Honorable James E. Diaz held a hearing on February 8, 1977 at which respondent was represented by the curator. At the hearing the Committee introduced in evidence the entire record of these proceedings, including a certified copy of the certificate of conviction.
In his report to this Court the Commissioner noted that the curator's six exceptions were not timely filed and were therefore waived. Nevertheless, the Commissioner found all exceptions to be without merit and assigned reasons. The Commissioner concluded:
". . . that the crime of which Respondent was convicted is a serious crime which reflects upon the attorney's moral fitness to practice law and as stated by this Court in the Shaheen decision [338 So.2d 1347], `the crime involved in this case strikes at the very heart of our legal profession' and `reflects his lack of moral fitness for the practice of law' and consequently, dictates disbarment."
The case was then briefed and argued in this Court upon the record thus formed.
Disciplinary actions resulting in disbarments have heretofore been prosecuted against four attorneys jointly charged, tried and convicted under the same indictment which charges respondent in these proceedings. Louisiana State Bar Ass'n. v. Loridans, 338 So.2d 1338 (La.1976); Louisiana State Bar Ass'n. v. Shaheen, 338 So.2d 1347 (La.1976); Louisiana State Bar Ass'n. v. Hennigan, 340 So.2d 264 (La.1976); Louisiana State Bar Ass'n. v. Hamilton, 343 So.2d 985 (La. 1977).
The federal crime on which these convictions were based arose out of a scheme whereby a group of lawyers, doctors and laymen staged accidents and faked injuries to defraud insurance companies through false claims. Their conspiracy and use of the United States mails supplied the grounds for their convictions in federal court. The sordid facts are set forth in some detail in United States v. Perez, 489 F.2d 51 (5th Cir. 1974).
The principal relevant facts of the instant proceeding are respondent's conviction of felonies for violations of federal law, the fact that his conviction is final and the Committee's determination that the felonies are "serious crimes" reflecting upon respondent's "moral fitness to practice law."
Inasmuch as the substance of the exceptions filed by respondent in proper person are included in the six exceptions filed by his curator, the latter exceptions are understood to represent respondent's position in these proceedings. They are considered in the order presented by the curator at the hearing.

*626 Exception 1

There is no merit to the contention that Section 8 of Article XV of the Articles of Incorporation of the Bar Association is unconstitutional in that Section 8(7)(c) denied a true hearing under the Committee's rules which accept conviction as conclusive evidence of guilt.
Section 8(7)(c) provides:
"The following rules shall be applicable when a respondent has been convicted of a crime, to-wit;
. . . . .
(7) After the conviction has become final, that is, all appeals have been concluded or exhausted, the procedure shall be as follows:
(c) At the hearing before the Commissioner, the certificate of the conviction of the respondent shall be conclusive evidence of his guilt of the crime for which he has been convicted."
. . . . .
Louisiana's Code of Professional Responsibility declares that a lawyer shall not "[e]ngage in illegal conduct involving moral turpitude" or conduct "involving dishonesty, fraud, deceit, or misrepresentation," or conduct "that is prejudicial to the administration of justice." Disciplinary Rule 1-102(A)(3)(4)(5); La.Rev.Stat. 37:Ch. 4 App. Art. 16. Nor shall a lawyer "[k]nowingly use perjured testimony or false evidence," "make a false statement of law or fact," "[p]articipate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false", or "[c]ounsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent." Disciplinary Rule 7-102(A)(4)(5)(6)(7); La.Rev.Stat. 37:Ch. 4 App. Art. 16.
A review of the opinion of the United States Fifth Circuit Court of Appeal affirming respondent's conviction satisfies this Court that Louisiana's Code of Professional Responsibility has been violated in a manner prejudicial to the administration of justice. The conduct and participation of the lawyers in the scheme "strike[s] at the very heart of our legal profession," Louisiana State Bar Ass'n. v. Shaheen, 338 So.2d 1347 (La.1976), and reflects upon their lack of moral fitness for the practice of law. Continuation of the American concept that we are to be governed by rules of law requires that the people have faith that justice can be obtained through our legal system. A lawyer should promote such confidence in our system and in the legal profession. Ethical Consideration 9-1; La.Rev.Stat. 37:Ch. 4 App. Art. 16.
Section 8(7)(c), making evidence of conviction conclusive of guilt, is designed to avoid a retrial of the criminal charge of which the respondent has been convicted under constitutional safeguards in a court of competent jurisdiction where the protection of due process guarantees has been fully accorded. Questions of guilt or innocence have been adjudicated, and respondent was ably represented in those proceedings. His conviction has become final and is an accomplished fact.
It is the fact of conviction of a "serious crime" involving "moral turpitude" which renders a lawyer subject to disciplinary action. State v. Gowland, 189 La. 80, 179 So. 41 (1938). Conviction of a serious crime has long been the basis for disbarment in this State. See Section 12 of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association in effect from 1941 to September 1971. Cf. Louisiana State Bar Ass'n. v. Cox, 250 La. 755, 199 So.2d 534 (1967); Louisiana State Bar Ass'n. v. Rayl, 208 La. 531, 23 So.2d 206 (1945); Louisiana State Bar Ass'n. v. Steiner, 204 La. 1073, 16 So.2d 843 (1944); Turner v. Walsh, 12 Rob. 383 (La.1845); Chevalon v. Schmidt, 11 Rob. 91 (La.1845).
Respondent cannot, therefore, demand a full hearing on the question of his guilt or innocence. Otherwise a hearing is provided with all due process guarantees as in civil proceedings. Section 8(8) so declares: "Except as provided hereinabove in this Section, the procedure with reference to proceedings based on a conviction of a crime, *627 shall be conducted in the same manner as in ordinary proceedings."

Exception 2
Respondent claims that the Committee's rules prohibit evidence of his detachment from the truly responsible parties and his peripheral involvement in the crimes. Such a prohibition is said to exclude evidence on behalf of respondent in mitigation of the offenses.
Section 8(7)(d) of the Articles of Incorporation set forth the rules to be followed when a respondent has been convicted of a crime after the conviction has become final, that is, all appeals have been concluded or exhausted:
"(d) At the hearing based upon a respondent's conviction of a crime, the sole issue to be determined shall be whether the crime warrants discipline, and if so, the extent thereof. At the hearing the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime."
A contention that respondent should be permitted to present evidence of his detachment from the truly responsible parties and his peripheral involvement in the crime is an offer of evidence which is inconsistent with the essential elements of the crime. It is implicit in his conviction that each element of the crime was established to the satisfaction of the jury beyond a reasonable doubt. Involvement in the crime, whether peripheral or not, was a question for the trier of fact having a direct bearing upon the extent to which respondent's actions supplied the elements of the crime. Evidence of that character was therefore impermissible under Section 8(7)(d).
Evidence of mitigating circumstances which is permitted by Section 8(7)(d) contemplates evidence tending to support a finding by the Commissioner or this Court that the extent of the disciplinary action to be taken against respondent should be lessened. It necessarily implies the exercise of the judgment of the Court of what is proper under the facts of the particular case. Such evidence would involve circumstances which do not amount to a justification or excuse of the offense or actions of respondent giving rise to his conviction, but facts and circumstances which may properly be considered in mitigation or reduction, of the disciplinary action to be taken. In Louisiana State Bar Ass'n. v. Loridans, 338 So.2d 1338 (La.1976), evidence of mitigating circumstances not inconsistent with the essential elements of the crime was said to include the character of the misconduct on which the conviction was based and, in appropriate cases, the degree of respondent's complicity, as well as evidence relative to his reputation, post-conviction conduct, the regard in which he is held by members of the legal profession and the community in which he resides, family circumstances and the like. See also Louisiana State Bar Ass'n. v. Shaheen, 338 So.2d 1347 (La.1976); In re Greiner, 61 Wash.2d 306, 378 P.2d 456 (1963).

Exception 3
The contention that the record fails to show the essential elements of guilt is also without merit. Discussion of Exceptions 1 and 2 disposes of this contention with the conclusion that the certificate of the conviction is conclusive evidence of guilt of the crime and that only evidence of mitigating circumstances may be offered. These conclusions make it unnecessary to establish the "essential elements of guilt"; only the certificate of conviction and its finality are required.

Exception 4
Section 3 of Article XV of the Articles of Incorporation is general in its application. It prescribes the procedure for entertaining "all complaints" of alleged unprofessional conduct. Section 3 provides that when a formal investigative hearing is held respondent is notified of the detailed specifications of alleged misconduct and he is given a reasonable opportunity to defend himself before the Committee by compelling the *628 attendance of witnesses, books and documents, cross-examining witnesses and representation of counsel.
As a result of that hearing the Committee may dismiss the complaint, issue a reprimand or institute in the Supreme Court a suit for disbarment or suspension of respondent.
Section 8, on the other hand, does not pertain to complaints or unprofessional conduct generally. Section 8 is applicable only when a respondent has been convicted of a crime. And while the question of guilt or innocence of respondent is not at issue in the hearing under this section, evidence of the conviction is required. At the hearing before the Commissioner respondent may offer evidence only of mitigating circumstances. With reference to procedure based on conviction of crimes, the proceedings are conducted in the same manner as ordinary proceedings. Section 8(8).
Thus, respondent's claim that Section 8 deprives him of his constitutional rights embodied in Section 3 is unfounded. The hearing which respondent seeks on the question of guilt or innocence was accorded at the trial when he was prosecuted for violating federal criminal laws. Proof that the conviction is final ends that question and respondent is not entitled to another hearing to retry his case, only to mitigate the extent of the discipline to be imposed.
In the case of a Section 3 prosecution for disciplinary action, the situation is different. There the hearing is designed to establish the truth or falsity of the alleged unprofessional conduct, issues already determined by the trier of fact in the case of a criminal conviction. There is no deprivation of constitutional rights to a hearing therefore. Reference to the opinion of the Fifth Circuit Court of Appeals involving his conviction answers respondent's contention. 489 F.2d 51.

Exception 5
Respondent argues that the Committee has based this proceeding upon the Articles of Incorporation of the Louisiana State Bar Association, which became effective September 1, 1971, and has applied those articles to offenses which occurred in 1965 and 1966. This retroactive application is said to offend both State and Federal Constitutions guarantees against ex post facto laws.
This contention has been answered in Louisiana State Bar Ass'n. v. Shaheen, 338 So.2d 1347 (La.1976) and Louisiana Bar Ass'n. v. Hamilton, 343 So.2d 985 (La. 1977). Here we find that respondent's conviction in the trial court was on December 18, 1970. His appeal in the Federal Circuit Court was concluded on January 2, 1974, 489 F.2d 51, and became final on July 6, 1974, twentyfive days after the United States Supreme Court denied certiorari. 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664. Since it is the conviction which forms the basis for disciplinary action, and the finality of the conviction is determinative of respondent's breach of discipline in this type proceeding, the transgression for the purpose of disciplinary action in this case under Section 8 did not occur until July 6, 1974. Dates of the occurrence of the offenses upon which the convictions were based are not a criterion to be considered in a claim of retroactive application of the Articles of Incorporation. Therefore, the Articles of Incorporation which became effective September 1, 1971 are applicable to these proceedings involving a conviction which became final on July 6, 1974. Louisiana State Bar Ass'n. v. Hennigan, 340 So.2d 264 (La.1976). Louisiana State Bar Ass'n. v. Ponder, 263 La. 743, 269 So.2d 228 (La.1972), cert. denied, 411 U.S. 901, 93 S.Ct. 1532, 36 L.Ed.2d 303 (1973).

Exception 6
It is incorrect for respondent to assert that his conviction only creates a rebuttable presumption of guilt. While such a result may have followed the decisions in Louisiana State Bar Ass'n. v. Cawthorn, 223 La. 884, 67 So.2d 165 (1953); Louisiana State Bar Ass'n. v. Rayl, 208 La. 531, 23 So.2d 206 (1945); Louisiana State Bar Ass'n. v. Connolly, 201 La. 342, 9 So.2d 582 (1942); Louisiana State Bar Ass'n. v. Leche, 201 La. 293, 9 So.2d 566 (1942), where this *629 Court held that evidence of conviction of a crime created only a rebuttable presumption of respondent's guilt, Section 8(7)(c) of the present articles makes evidence of conviction "conclusive evidence" of respondent's guilt of the crime for which he has been convicted. The validity of this provision has been upheld in Louisiana State Bar Ass'n. v. Shaheen, supra, and Louisiana State Bar Ass'n. v. Loridans, supra.
In conclusion, we agree with the Commissioner's report and find respondent has been convicted of a serious crime which reflects upon his moral fitness to practice law. Under the circumstances of this case disbarment is the appropriate disciplinary action.
For the reasons assigned, it is ordered, adjudged and decreed that Irwin L. Tunis be and he is hereby disbarred from the practice of law in Louisiana and, accordingly, his license to practice is cancelled. Respondent is to bear all costs of this proceeding.
TATE, J., is recused, having appeared as a character witness in the federal proceeding.
DENNIS, J., dissents for the reasons assigned by him in Louisiana State Bar Ass'n. v. Shaheen, 358 So.2d 1347.
PER CURIAM.
In his application for a rehearing, respondent's curator notes that an inference may be drawn that he was negligent from the following language of the Court:
"In his report to this Court the Commissioner noted that the curator's six exceptions were not timely filed and were therefore waived. Nevertheless, the Commissioner found all exceptions to be without merit and assigned reasons."
The Court intended no such inference. The record reflects that the exceptions were untimely because respondent, himself, did not file them at "one and the same time" as the remaining exceptions. See Article 15, § 6(a), Articles of Incorporation of the Louisiana State Bar Association.
The motion for rehearing is denied.