ANIER, Judge.
The defendant, Lester Hart, was charged with simple burglary in violation of La.R.S. 14:62. Hart appeared in district court on July 14, 1983, in proper person for arraignment and advised the court that he was represented by J.R. Coxe, Jr. Pursuant to advice of his counsel, Hart entered a plea of not guilty. Trial was set for September 21, 1983.
On September 21, 1983, Hart again appeared in court in proper person. He waived his right to counsel and entered a plea of guilty. After a Boykin examination, the district court judge accepted the guilty plea. A presentence investigation was ordered and sentencing was fixed for November 22, 1983.
On November 22, 1983, Hart again appeared in court in proper person. He was sentenced to serve two years in the custody of the Department of Corrections. The district court judge advised Hart of his right to appeal and appointed the Office of the Public Defender to represent him for purposes of appeal.
On December 12, 1983, the Office of the Public Defender filed a motion for an “out-of-time” appeal contending that on or about November 23, 1983, a written motion for an appeal was filed with the Clerk of the Nineteenth Judicial District Court but that the Clerk’s office “has no record of the motion.” No affidavits were attached to the motion and the record does not reflect that evidence was taken to establish the facts alleged. The district court judge ap *1251 parently summarily granted the motion on December 16, 1983. Hart then perfected this appeal contending he did not validly waive his right to counsel or his Boykin rights and that the sentence was excessive.
La.C.Cr.P. art. 914 provides as follows:
A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion must be made no later than five days after the rendition of the judgment or ruling from which the appeal is taken. The motion shall be entered in the minutes of the court. (Emphasis added).
An application for an appeal to this court must be timely filed for this court to have appellate jurisdiction over the case. Guilliot v. City of Kenner, 326 So.2d 359 (La.1976); State ex rel. McIsaac v. Sigler, 236 La. 773, 109 So.2d 89 (1959). Where no formal appeal has been timely perfected, there is nothing for an appellate court to review, and the appeal should be dismissed. State v. Washington, 278 So.2d 484 (La.1973); Louisiana State Bar Association v. Cox, 250 La. 755, 199 So.2d 534 (1967); State v. Breaux, 441 So.2d 811 (La.App. 3rd Cir.1983); State v. Metoyer, 427 So.2d 93 (La.App. 3rd Cir.1983).
Because Hart contends his motion for appeal was filed within the five day delay period (and thus was timely), this is not properly an “out-of-time” appeal.[1] It is well established that a defendant’s appeal cannot be defeated by action (or inaction) of the clerk of court for which the defendant is not responsible. Davidge v. Magliola, 346 So.2d 177 (La.1977); Mackiewicz v. Westinghouse Electric Corp., 402 So.2d 314 (La.App. 4th Cir.1981). However, a district court should not allow the perfecting of an appeal where a claim similar to that in the instant case is made unless the defendant has established his factual allegations at an evidentiary hearing. Accordingly, this cause is remanded to the district court for such a hearing.
Because this case was lodged in this court on February 16, 1984, and to prevent further delay, we order that if the district court rules that Hart has established his factual claim, this appeal shall be forthwith returned to this court and placed on the next open docket before this panel (D). If the district court finds that Hart has failed to factually prove his claim, it shall rescind its order of appeal, reserving to Hart the right to seek relief under the supervisory jurisdiction of this court.
REMANDED.

. Rule 3-2 of the Uniform Rules — Courts of Appeal provides that an "out-of-time” or delayed appeal may be sought when a defendant “has failed to timely take an appeal”. Further, the proper procedure was not followed to obtain an “out-of-time” appeal. Compare Rule 3-2 and State v. Braxton, 428 So.2d 1153 (La.App. 3rd Cir.1983) with State v. Holmes, 440 So.2d 1384 (La.App. 2nd Cir.1983). We question the authority of a court to create appellate jurisdiction when the statutory period for perfecting it has expired.