CARTER, Judge:
The defendant, Janet Johnson, was charged with five counts of theft, in violation of LSA-R.S. 14:67. One count was for misdemeanor theft of less than $100.00, three counts were for felony theft of between $100.00 and $500.00, and one count was for felony theft of more than $500.00. The defendant plead guilty to all five of the charges.
On May 24, 1984, defendant was sentenced as follows:
1) On one count of misdemeanor theft, five months incarceration at the East Baton Rouge Parish Prison;
2) On one count of felony theft of between $100.00 and $500.00, eighteen months at hard labor; and,
3) On one count of felony theft of between $100.00 and $500.00, one year at hard labor.
The above sentences were imposed to run concurrently, with credit for time served in custody. As to the following charges, the defendant was sentenced as follows:
*1051 4) One count of felony theft of between $100.00 and $500.00, eighteen months at hard labor. This sentence was to be served consecutive to the other sentences previously imposed; and,
5) On the one remaining count of felony theft in excess of $500.00, eight years at hard labor in custody of the Louisiana Department of Corrections. This sentence was also to be served consecutive to the other sentences.
From the imposition of these sentences, defendant appeals[1] alleging that the trial judge failed to follow the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1 and that the trial judge erred in imposing an excessive sentence.
COMPLIANCE WITH LSA-C.Cr.P. ART. 894.1
LSA-C.Cr.P. art. 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence. State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983). The trial judge need not recite the entire checklist of LSA-C.Cr.P. art. 894.1, but the record must reflect that the judge adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984); State v. Soco, 441 So.2d 719 (La.1983); State v. Trahan, 412 So.2d 1294 (La.1982). The trial judge must, in effect, justify his sentence with factual reasons. State v. Davis, supra; State v. Soco, supra; State v. Jones, 398 So.2d 1049 (La.1981).
Defendant complains that in imposing sentence, the trial judge failed to consider certain mitigating factors, specifically that the defendant’s criminal conduct neither caused nor threatened serious harm, that the defendant did not contemplate that her criminal conduct would cause or threaten serious harm, and that the defendant acted under strong provocation.
Although defendant argues that she did not contemplate that her conduct would cause or threaten serious harm or that her conduct did not actually cause or threaten serious harm, the trial judge pointed out that the defendant attacked and injured the victim of one count of theft and that she committed a battery on the victim of another count of theft. Additionally, the trial judge considered the impact defendant’s incarceration would have on her minor child, but determined that incarceration would not effect an excessive hardship on defendant’s minor child in light of defendant’s unstable work history and admitted drug addiction.
The trial judge noted that, aside from being a drug addict, defendant has an extensive prior criminal record, which includes numerous shifts. These facts militate in favor of placing the defendant in a custodial environment and demonstrate that, if defendant were placed on probation, there would be an undue risk of further criminal activity.
A thorough review of the sentencing transcript reveals that the trial judge adequately considered the factors enunciated in LSA-C.Cr.P. art. 894.1.
EXCESSIVE SENTENCE
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983). In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is exces *1052 sive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering: to determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Freeze, 438 So.2d 1340 (La.App. 3rd Cir.1983).
The sentences imposed herein are within the statutory limits.[2] Although defendant could have been sentenced to imprisonment for a total of sixteen and one-half years and fined a total of $9,500.00, defendant received sentences totalling eleven years. Further, the trial judge did not impose any fine.
In the instant case, defendant committed five thefts in an eighteen month span between July 6, 1982, and January 14, 1984. Additionally, in the process of perpetrating these thefts, defendant injured and committed a battery on two of the victims. Clearly, the penalties imposed are appropriate to the offense and the offender, and they are not so disproportionate as to shock our sense of justice.
Accordingly, the sentence of the trial court is affirmed.
AFFIRMED.

. Defendant was sentenced on May 24, 1984, and filed a motion for appeal on May 31, 1984. LSA-C.Cr.P. art. 914 requires that a motion for appeal be filed within five days of rendition of judgment. However, in computing the time period, legal holidays are excluded. LSA-C.Cr.P. art. 13(3). Therefore, although defendant’s motion for appeal is entitled "Motion and Order for Out of Time Appeal,” defendant’s motion was timely filed.

. For her conviction on one count of misdemeanor theft, defendant could have been sentenced to imprisonment for not more than six months, fined not more than five hundred dollars, or both; however, she was sentenced to imprisonment for five months. For her conviction on three counts of felony theft of goods valued between one hundred and five hundred dollars, defendant could have been sentenced to imprisonment, with or without hard labor, for not more than six years, fined not more than six thousand dollars, or both. Defendant, however, was sentenced to eighteen months at hard labor on one count and one year at hard labor on a second count, both of which were to run concurrently with her six month sentence for misdemeanor theft. On the third count of felony theft of goods valued between one hundred and five hundred dollars, defendant was sentenced to imprisonment at hard labor for eighteen months, which was to run consecutive to the previously imposed sentences. For her conviction on one count of felony theft of goods valued over five hundred dollars, defendant could have been sentenced to imprisonment, with or without hard labor, for not more than ten years, fined not more than three thousand dollars, or both; however, defendant was sentenced to imprisonment at hard labor for eight years, which was to run consecutive to the other sentence.