472 So.2d 280 (1985)
STATE of Louisiana
v.
Lester HART.
No. 84 KA 1464.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
Ossie Brown, Dist. Atty. by Tom Walsh, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Price, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
The principal question on appeal is whether the trial court obtained from the defendant, Lester Hart, a knowing and intelligent waiver of his right to counsel when the court accepted his guilty plea. Also at issue is whether or not defendant's sentence is excessive.
*281 The procedural posture of this proceeding has been set forth succinctly in State v. Hart, 457 So.2d 1250, 1251 (La.App. 1st Cir.1984), as follows:
The defendant, Lester Hart, was charged with simple burglary in violation of La.R.S. 14:62. Hart appeared in district court on July 14, 1983, in proper person for arraignment and advised the court that he was represented by J.R. Coxe, Jr. Pursuant to advice of his counsel, Hart entered a plea of not guilty. Trial was set for September 21, 1983.
On September 21, 1983, Hart again appeared in court in proper person. He waived his right to counsel and entered a plea of guilty. After a Boykin examination, the district court judge accepted the guilty plea. A presentence investigation was ordered and sentencing was fixed for November 22, 1983.
On November 22, 1983, Hart again appeared in court in proper person. He was sentenced to serve two years in the custody of the Department of Corrections. The district court judge advised Hart of his right to appeal and appointed the Office of the Public Defender to represent him for purposes of appeal.
On December 12, 1983, the Office of the Public Defender filed a motion for an "out-of-time" appeal contending that on or about November 23, 1983, a written motion for an appeal was filed with the Clerk of the Nineteenth Judicial District Court but that the Clerk's office "has no record of the motion." No affidavits were attached to the motion and the record does not reflect that evidence was taken to establish the facts alleged. The district court judge apparently summarily granted the motion on December 16, 1983. Hart then perfected this appeal contending he did not validly waive his right to counsel or his Boykin rights and that the sentence was excessive.
Thereafter, in State v. Hart, supra, we remanded to the trial court for an evidentiary hearing. The hearing was required to determine whether the defendant's motion for appeal had been filed within the five day delay period because we found the previous grant of the motion to be without a recorded basis. The trial court conducted the evidentiary hearing finding defendant's contention to be factually supported and consequently that his motion was timely. The proceeding was forthwith returned to this court for review of defendant's two assignments of error.

ASSIGNMENTS OF ERROR
Defendant contends first that the trial court erred when it accepted his guilty plea without counsel. Specifically, he argues the trial court did not provide, nor adduce enough information to support the conclusion defendant made a knowing and intelligent waiver of counsel. In conjunction with that, defendant contends he did not knowingly and intelligently plead guilty. In his second assignment of error, defendant complains that his sentence is excessive.

ASSIGNMENT OF ERROR NO. 1
Defendant pled guilty to the charge of simple burglary on September 21, 1983, without the assistance of counsel. State v. LaFleur, 391 So.2d 445, 448 (La.1980) states, "[a]s in the case of a guilty plea, the record must demonstrate that the defendant was informed of the consequences of proceeding without counsel."
State v. Bell, 381 So.2d 393 (La.1980) addresses the question of what must be in the record by saying there should be some indication that the trial judge tried to assess the defendant's literacy, competency, understanding and volition before accepting the waiver of counsel.
In the case sub judice, there is ample evidence that the right to counsel was knowingly and intelligently waived. Defendant was jointly charged with simple burglary with Calvin Johnson. Both defendants appeared in proper person on July 7, 1983, for arraignment. Both were advised by the court of their right to counsel and their right to court appointed counsel. Johnson, in the presence of Hart, secured court appointed counsel, was arraigned *282 and pled not guilty. Defendant's arraignment was continued to July 14, 1983. On July 14, 1983, defendant again appeared in court in proper person, advised the court his attorney was J.R. Coxe, Jr., and pled not guilty. His trial was fixed for September 21, 1983.
On September 21, 1983, defendant again appeared in court in proper person and advised the court he wished to change his plea to guilty. Before the court accepted the plea, Hart was asked if he understood his right to counsel and court appointed counsel. Defendant answered affirmatively. After defendant was Boykinized, he was again asked if he understood his rights. He indicated that he did.
Defendant is not a stranger to the criminal justice system. (The defendant's criminal record is discussed in Assignment of Error No. 2). He was advised of his right to counsel before arraignment, his co-defendant got court appointed counsel in his presence and Hart secured his own counsel. Before defendant pled guilty, he was again advised of his right to counsel. He said he understood his right to counsel but elected to proceed without counsel. Defendant swore under oath he understood this right. He was given a thorough and complete Boykin examination.
Additionally, defendant was advised several times of the charge against him. He was told the nature and elements of the charge. All of his rights were explained by the trial judge. Also explained were the consequences of defendant's pleading guilty, i.e., a waiver of all of his rights insofar as this charge is concerned.
This case is factually distinguishable from State v. Nevels, 457 So.2d 1254 (La. App. 1st Cir.1984), wherein it was not clear that the defendant knowingly and intelligently waived his right to counsel and pled guilty. As can be seen from the facts stated above, this colloquy was not the only place where defendant was made aware of his rights. A review of the entire record convinces us that the defendant was supplied with enough information and possessed the necessary capacity to knowingly and intelligently waive his right to counsel and plead guilty in this matter.

ASSIGNMENT OF ERROR NO. 2
Defendant complains that the sentence of two (2) years in the custody of the Department of Corrections is excessive. The maximum sentence which could be imposed herein is imprisonment for twelve (12) years with or without hard labor and a fine of $2,000.00. LSA-R.S. 14:62. The sentence, therefore, is well within the statutory limits. This is not the end of the inquiry into the excessiveness of this sentence. LSA-Const. Art. I, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be within the statutory limits, but still be excessive by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Johnson, 464 So.2d 1049 (La.App. 1st Cir.1985). A trial judge has wide discretion in imposing sentences. We will not set aside as excessive a sentence within statutory limits in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Johnson, supra.
A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless imposition of pain and suffering. We determine whether a penalty is grossly disproportionate to the crime by considering the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Johnson, supra.
In the instant case, the trial judge reviewed defendant's record which included two misdemeanor convictions in Louisiana. In addition, defendant was convicted of buying and receiving stolen property in Alabamaa felony. The trial judge indicated the probation department in Alabama reported that defendant violated conditions *283 of his probation there and a warrant for defendant was issued by an Alabama judge for those violations. Additionally, defendant has a history of alcohol and drug abuse.
Defendant is a second felony offender[1] and not eligible for supervised probation. LSA-C.Cr.P. art. 893. While the crime committed may seem trivial to the defendant, not warranting a sentence of two years imprisonment, it involved going into a building and taking someone else's private property. This fact considered in connection with the defendant's past criminal history clearly justifies the sentence. This assignment of error is without merit.
For the above and foregoing reasons, the sentence of the trial court is affirmed.
AFFIRMED.
COLE, J., dissents and assigns reasons.
COLE, Judge, dissenting.
The following colloquy took place between defendant and the trial court at the Boykinization:
THE COURT: Before I accept your plea, Mr. Hart, I want to make sure you understand all of your rights. First off, as I said a moment ago, you have the right to be represented by counsel before we go any further, and if you are an indigent person I would appoint the Office of the Public Defender to represent you free of charge. Do you understand that right and is it your desire to plead guilty at this time without a lawyer?
MR. HART: Yes, Sir.
This question and answer is the total inquiry into defendant's waiver of his right to counsel. From his reply we cannot be certain defendant actually waived his right to counsel. He may simply have been stating his desire to plead guilty. Moreover, with the exception of two questions about defendant's educational background and ability to read and write, the record reflects no attempt to assess defendant's literacy, competency, understanding and volition.
After a thorough analysis in State v. Nevels, 457 So.2d 1254 (La.App. 1st Cir. 1984), this circuit determined a substantially similar colloquy was insufficient to support a valid waiver of counsel.[1] Further, the court in State v. Lafleur, 391 So.2d 445, 448 (La.1980), states, "As in the case of a guilty plea, the record must demonstrate that the defendant was informed of the consequences of proceeding without counsel." Such information was not presented to defendant.
Mr. Justice Sutherland in Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), states,
"Even the intelligent and educated layman has small and sometimes no skill in the science of law. If charged with crime, he is incapable, generally, of determining for himself whether the indictment is good or bad. He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be put on trial without a proper charge, and convicted upon incompetent evidence, or evidence *284 irrelevant to the issue or otherwise inadmissible. He lacks both the skill and knowledge adequately to prepare his defense, even though he have a perfect one. He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence. If that be true of men of intelligence, how much more true is it of the ignorant and illiterate, or those of feeble intellect. If in any case, civil or criminal, a state or federal court were arbitrarily to refuse to hear a party by counsel, employed by and appearing for him, it reasonably may not be doubted that such a refusal would be a denial of a hearing, and, therefore, of due process in the constitutional sense." Powell at p. 69, 53 S.Ct. at 64.
In fact, a defendant waiving his right to counsel may not raise the ineffective assistance of counsel upon appeal. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
Without being provided similar information, as set forth above, the defendant, Mr. Hart, had no opportunity to make a knowing and intelligent waiver of his right to counsel. Therefore, because the record does not support a finding defendant made a knowing and intelligent waiver of his right to counsel, I would find reversible error.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] Defendant has not been charged as a second offender under LSA-R.S. 15:529.1.
[1] As well in City of Monroe v. Wyrick, 393 So.2d 1273 (La.1981), the following colloquy was given in an en masse address and found to be insufficient to obtain a valid waiver of the defendant's right to counsel:

"Everyone knows these days, but I'll just mention it again, that you have the right to be represented by an attorney. If you're too poor to hire a lawyer, you may be entitled to the Court appointment of one. If you want me to consider the appointment of a lawyer in your case, let me know of your desire here today. If you remain silent about the attorney, I'll assume that you've made your own arrangements or that you don't care to be represented by one. This is what it all pretty much summarizes down to."
Thereafter defendant's name was called and the following colloquy took place between the trial judge and the defendant:
"Mrs. Hendrix: Kenneth Wyrick
BY THE COURT: You're charged with committing a battery on Lisa Jacobs. How do you plead.
Mr. Wyrick: Guilty.
BY THE COURT: Do you enter a plea of guilty understanding your right to be represented by an attorney?
Mr. Wyrick: Yes sir."