**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Knight DOGGETT, Defendant-Appellant.**

**No. 87–4082**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 1, 1987.

**20.** *Id.*

**21.** *Id.*

**22.** *Id.*

**23.** *Id.* at 462–65.

J. Michael Small, Alexandria, La., for defendant-appellant.

John A. Broadwell, Asst. U.S. Atty., Joseph S. Cage, Jr., Shreveport, La., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Appellant Knight Doggett, an attorney, was found guilty of one count of conspiracy to commit mail fraud and eight counts of mail fraud in connection with a scheme to stage accidents and then make fraudulent claims against insurance companies. His sentences are not at issue. They consisted of a period of incarceration, suspended incarceration, substantial fines, and as a condition of probation in lieu of imprisonment a restitution to the affected insurance companies. The only ground for appeal is the claim that a statement by a prospective juror in the presence of the entire jury venire was so prejudicial that it was reversible error not to grant a motion for mistrial or a motion to dismiss the jury venire. We find no error and affirm the conviction.

During the jury selection a prospective juror volunteered the following comment:

> Your Honor, I don't know whether this would have any bearing on my participation in this, but I didn't know what trial this was and yesterday in the Sunday Town Talk I read the article that they had in there, and I am friendly with a lot of lawyers and judges and it seems to me like they made a pretty good case against Mr. Doggett, and I don't know that under them circumstances, and I thought I should tell you this, that I

could make a fair judgment in this, and I don't know if this was the time to let you know of this.

Defense counsel immediately sought to interpose an objection, but the court proceeded to inquire of the remaining prospective jurors concerning the pretrial publicity. Several prospective jurors referred to the same newspaper article and indicated the article would not affect their ability to decide the case. Defense counsel was then given the opportunity to state his objection, and he moved for mistrial or for dismissal of the jury venire.

The court then inquired of the jurors if they had been influenced by any other jurors' responses concerning pretrial publicity. There was no response. The court then gave the following instruction:

> I would instruct you that the feelings that others may have acquired are not evidence and should not affect any other person in this matter under any circumstances whatsoever.

The prospective juror who had made the original statement was excused for cause because of his comment. Further, the court several times gave the jury the standard instruction that anything they heard concerning the case outside the courtroom was to be disregarded, and the case was to be decided solely upon the evidence heard in the courtroom.

Appellant argues that the statement of the prospective juror was so prejudicial that a fair trial could not be obtained once the statement had been made in the presence of those who ultimately served on the jury. Objection is raised to the prospective juror's statement that "they made a pretty good case against Mr. Doggett," coupled with the fact that the prospective juror said: "I am friendly with a lot of lawyers and judges."

 Jurors need not have lived in isolation. Many of them have read newspaper articles about the criminal cases in which they are later chosen to sit. Some prospective jurors indicate prejudice as a result of reading those articles. Others state that such articles have not so influenced them

that they cannot serve impartially. The trial judge must observe the demeanor and response of the prospective jurors and evaluate any possible prejudice. *Wainwright v. Witt,* 469 U.S. 412, 105 S.Ct. 844, 855, 83 L.Ed.2d 841 (1985). Only if there is an abuse of discretion in making these critical decisions can an appellate court upset the judge's conclusion as to prospective jurors being adequately free of prejudice. *United States v. Jones,* 712 F.2d 115, 121 (5th Cir.1983).

The issue of the newspaper article having been raised, we perceive no reason why it was unreasonable for the district judge to pursue that issue further before he entertained the objection of defense counsel. His course of action was curative in the sense of bringing out all of the effects of the newspaper article at once. Further, it avoided other jurors deciding it was unwise to speak up as to such concerns. The ruling with respect to the prejudice of the prospective jurors was well within the realm of discretion. Curative instructions were careful and complete.

If the appellant were to prevail in this case, it would establish the principle that anytime any prospective juror indicated prejudice based upon newspaper stories, or actual knowledge of the events, or knowledge of people who knew something about the events, the entire jury venire would have to be dismissed. Yet such general statements are grist for the mill of any voir dire inquiry in any criminal charge which involves someone at least minimally well known in the community. Appellant, by admission of his own attorneys, is a "prominent attorney". We, of course, engage in no speculation whatsoever as to the effect of the fact that the defendant was relatively well known in the community. We emphasize this factor only to express the truism that in such a case many prospective jurors will have heard about such criminal charges and the court must inquire with respect to their knowledge and possible prejudice. When some of those questions indicate members of the venire feel unable to judge impartially based solely upon what goes on in the courtroom, we cannot hold that the court must start over again every time. Such a burden cannot be placed upon the criminal processes and the selection of a jury.

AFFIRMED.