MARCUS, Justice
The Louisiana State Bar Association through its Committee on Professional Responsibility, instituted disciplinary proceedings against Knight E. Doggett, a member of said association. The committee’s petition for disciplinary action was based upon respondent’s final convictions after a jury trial in the federal district court of eight counts of mail fraud and one count of conspiracy to commit mail fraud.
Knight E. Doggett was indicted in the United States District Court for the Western District of Louisiana on eight counts of mail fraud in violation of 18 U.S.C. § 1341 *942 and on one count of conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 371, 1341. The indictment alleged that Doggett and certain others staged or had staged automobile accidents in order to submit false and fraudulent claims to various insurance companies for indemnification by supposed victims of the staged automobile accidents. Doggett and the others involved in the scheme were to divide any money received from the defrauded insurance companies. The mail fraud indictments charged that between September 18, 1981 and May 21, 1982, Knight E. Doggett, on eight separate occasions mailed fraudulent insurance claims to four different insurance companies for the purpose of obtaining payments for automobile accidents that never occurred. The claims arose from three separate accidents staged by Doggett and the others.
Doggett was the key figure in the scheme which defrauded the insurance companies of more than $111,000. Furthermore, Doggett was the only lawyer involved in the scheme.[1]
Following conviction by a jury on December 20, 1986, Knight E. Doggett was sentenced on the conspiracy count to a six-month period of imprisonment and a fine of $10,000. On each of counts two through eight, the mail fraud counts, he was sentenced to a one-year period of imprisonment and a fine of $1,000. The execution of the period of imprisonment for counts two through eight was suspended and Dog-gett was placed on probation for a period of five years. As to count nine, he was sentenced to a six-month period of imprisonment and a fine of $1,000. Doggett was further ordered to pay the fines totaling $18,000 prior to March 30, 1987 and to make restitution to the affected insurance companies in the amount of $60,000 to be paid over the first forty-eight months of his five-year probationary term.
The United States Court of Appeals for the Fifth Circuit affirmed the district court’s holding, thereby finalizing the convictions and sentences. United States v. Knight E. Doggett, 821 F.2d 1049 (5th Cir.1987).
Respondent reported to federal prison in Texarkana, Texas on March 30, 1987 and was released to a halfway house in Alexandria in October of 1987. The Committee on Professional Responsibility, having determined that the crimes for which Doggett had been convicted constituted serious crimes, filed a petition with the Louisiana Supreme Court on March 13,1987, in which Doggett joined, seeking an order of immediate suspension and authorizing the institution of the necessary disciplinary proceedings. The order was signed April 2, 1987.
Subsequently, on August 28, 1987, the committee filed a petition for disciplinary action against Doggett under the provisions of Article 15, section 8(a), paragraph (7)(a) through (d) of the Articles of Incorporation of the Louisiana State Bar Association.[2] After issue was joined by respondent’s answer, a commissioner was appointed. A hearing was conducted on February *943 18, 1988, at which respondent was afforded full and unrestricted opportunity to present any and all evidence of “mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted....” In the formal report of the commissioner to this court, it is stated that the commissioner found the offenses for which respondent was convicted to be serious crimes as admitted in the pleadings and as established by the jurisprudence. The only question, therefore, was the extent of discipline, if any, appropriate to accomplish the purpose of lawyer discipline and taking into account the aggravating and mitigating circumstances and the seriousness of the offenses involved. The commissioner recommended that the discipline to be imposed should be left to the determination of the Louisiana Supreme Court.
The Committee on Professional Responsibility concurred in the commissioner’s findings of fact and conclusions of law. Nevertheless, the committee, in its brief to this court, recommended disbarment as the appropriate discipline in this matter, asserting that Doggett’s conduct involved such “flagrant abuse of his skills as an attorney,” that no amount of mitigation could undo the harm done to the public and the legal profession. The matter was then submitted to this court under our original jurisdiction.[3]
The sole issue to be determined by this court in a disciplinary proceeding based on a conviction of a crime is whether “the crime warrants discipline, and if so, the extent thereof.” Article 15, section 8(a), paragraph (7)(d) of the Articles of Incorporation of the Louisiana State Bar Association; Louisiana State Bar Association v. Marcal, 430 So.2d 47 (La.1983).
At the hearing before the commissioner, respondent introduced evidence of mitigating circumstances. Fourteen witnesses appeared and testified in his behalf and fifty-three letters, written on behalf of Doggett were introduced into the record.
Respondent is now fifty-one years old. He received a Bachelor of Arts degree from Louisiana College and worked for a year as a lab technician in Baton Rouge before entering LSU Law School. He received his J.D. degree from LSU in 1963 and was licensed to practice law in 1964, at which time he became special counsel to the Attorney General of Louisiana. In 1965 he entered general private practice, first with a law firm in Alexandria, then with one partner, and finally as sole practitioner in which capacity he practiced until his voluntary suspension in April of 1987. He has served on several occasions as judge ad hoc of the Alexandria City Court. In 1958 he was married; he and his wife have four children.
Respondent testified in his own behalf before the commissioner, who found that Doggett was genuinely remorseful both for himself and for the legal profession. Although Doggett did not admit guilt in the scheme either during trial or before the commissioner, he did not, during the commissioner’s hearing, attempt to minimize or exculpate himself from responsibility for the acts resulting in his convictions. In addition, respondent presented an impressive array of character witnesses appearing in person and through letters made a part of the record. These included various sitting judges of the Ninth Judicial District Court, testifying pursuant to subpoenas, two past presidents of the Louisiana State Bar Association, and several Alexandria attorneys. All of these witnesses testified as to Doggett’s good reputation, professional competency, and good character. Their views in this regard were not affected by respondent’s convictions. Doggett’s probation officer reported that respondent had paid his fines within the time limit set by the court and had made restitution prior to the commencement of the period allowed for him to do so. He also reported that Doggett had no disciplinary demerits or problems during his period of incarceration; his stay at a halfway house following release had also been incident free. In addition, the probation officer reported that Doggett had cooperated fully with him and that, he was impressed by the support of *944 the wife, children, friends, neighbors, and colleagues of the respondent. Moreover, the record contains no other incidents reflecting on respondent’s fitness to practice law.
The committee produced no countervailing evidence on the issue of mitigation.
The commissioner did find certain aggravating circumstances to exist, specifically, the nature of the offenses, the convictions on nine counts, the duration of the offenses, the penalty imposed, and the fact that the illegal activity arose directly out of the practice of law. Respondent contended, however, in his exception to the commissioner’s report, that because of the leniency of the sentences, the penalty imposed should be a mitigating circumstance rather than an aggravating one.
We agree with the finding of the commissioner, concurred in by the committee, that respondent has been convicted of serious crimes which reflect adversely upon his moral fitness to practice law. Hence, disciplinary action is warranted.
The ABA Standards for Imposing Lawyer Sanctions § 5.11 provides in pertinent part:
Disbarment is generally appropriate when:
(a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ...
We agree with the finding of the committee that with the exception of extortion, all of the above conduct was present in order for Doggett and his accomplices to perpetrate their scheme. This court, in cases involving a similar scheme to stage fake automobile accidents and fraudulently collect insurance payments, held that disbarment was the appropriate sanction for each of the lawyers . involved. Louisiana State Bar Association v. Tunis, 352 So.2d 623 (La.1977); Louisiana State Bar Association v. Hamilton, 343 So.2d 985 (La.1977); Louisiana State Bar Association v. Hennigan, 340 So.2d 264 (La.1976); Louisiana State Bar Association v. Shaheen, 338 So.2d 1347 (La.1976); Louisiana State Bar Association v. Loridans, 338 So.2d 1338 (La.1976). Mr. Doggett, prior to his conviction, had it all — an impeccable reputation as a lawyer and a person, a warm and loving family, a good legal practice, and a respected position in the community. For reasons of his own he chose to put all these at risk in furtherance of an illegal scheme. That scheme is all the more egregious because it involved Doggett in his capacity as a lawyer and an officer of the court. Moreover, Doggett was the only lawyer involved in this scheme and his acts of misconduct go directly to the heart of the practice of law. Accordingly, we agree with the committee that respondent should be disbarred from the practice of law. However, because Mr. Doggett has an unblemished pri- or record of the highest integrity and because of his excellent reputation , and character as attested to by the witnesses on his behalf, respondent’s disbarment is made retroactive to the date of our suspension order of April 2, 1987.
DECREE
For the reasons assigned, it is ordered, adjudged and decreed that the name of Knight E. Doggett be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be hereby revoked effective April 2, 1987, the date of this court’s order suspending him from the practice of law.

. The facts before the court were gleaned solely from the indictment, the transcript of the sentencing hearing, and the transcript of the commissioner’s hearing.

. Article 15, § 8(a), para. (7)(a)-(d) of the Articles of Incorporation of the Louisiana State Bar Association provides:
(7) After the conviction has become final, that is, all appeals have been concluded or exhausted, the procedure shall be as follows:
(a) The Committee will file a petition in the Supreme Court seeking disbarment or any other remédy that the Committee deems appropriate, and the petition will be served upon the respondent in the same manner as in ordinary proceedings.
(b) When issue is joined by answer by the respondent, a Commissioner will be appointed by the Supreme Court to represent the Court in the same manner as in ordinary proceedings.
(c) At the hearing before the Commissioner, the certificate of the conviction of respondent shall be conclusive evidence of his guilt of the crime for which he has been convicted.
(d) At the hearing based upon a respondent's conviction of a crime, the sole issue to be determined shall be whether the crime warrants discipline and, if so, the extent thereof. At the hearing the respondent may offer evidence only of mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime.

. La. Const, art. 5, § 5(B) (1974).