LOBRANO, Judge.
Intervenors appeal the dismissal of their intervention on an exception of no right of action.
Margaret Gay Harrison filed suit against Gaylord National Corporation for injuries she received as a result of picture frames that allegedly fell on her while shopping at defendant’s store. Investigative and Legal Research Services, Inc. intervened in that lawsuit alleging they were hired by Harrison to do investigative work in connection with that accident and they have not been paid.
Gaylord filed an exception of no cause or right of action to the intervention. The trial court maintained the exception and dismissed the intervention. Investigative and Legal Research Services, Inc. perfects this appeal.
The peremptory exception of no right of action raises the legal question of whether a plaintiff has a legal interest in the subject matter of the litigation. La.C.C.P. Article 931; Amoco Production Co. v. Columbia Gas Transmission Corp., 455 So.2d 1260 (La.App. 4th Cir.1984), writ denied, 459 So.2d 542 (La.1984). When the exception is asserted to defeat an intervention, however, it must be considered in conjunction with the rules governing an intervention. Id.
Code of Civil Procedure Article 1091 provides:
“A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff’s demand; or
(3) Opposing both plaintiff and defendant.”
This Court has interpreted the above article to require that a justiciable controversy or right must exist, and that the right must have a connexity between the facts, circumstances and objects of the main demand. Amoco Production v. Columbia Gas, supra. The connexity required must be such that “a judgment on the principal action will have a direct impact on the inter-venor’s rights.” Amoco Production, supra at 1264.
The right asserted by the intervenor in this case is based on a contractual obligation by Harrison to pay for the investigative services performed. Whether Harrison wins or loses her personal injury suit, *911 intervenor’s claim will not be affected. Any judgment on the main demand will not have an impact on this claim.
Therefore, although intervenors have a justiciable controversy with Harrison, we conclude that the connexity required to support an intervention is lacking. Accordingly, the trial court’s judgment is affirmed.
AFFIRMED.