11WOODARD, Judge.
This appeal arises from the trial court’s dismissal of appellant’s petition of intervention.
FACTS
Appellants, Robbie and Susan Arnaud, d/b/a Robbie’s Wrecker Service (Robbie’s), towed a motorcycle belonging to plaintiff, Steven Sawtelle, after it was disabled in an accident on October 4, 1991. Robbie’s then stored the motorcycle on its premises, where it remains today. Mr. Sawtelle has not paid the towing and storage charges.
Subsequently, Mr. Sawtelle filed a personal injury lawsuit against Noel Roy, Jr., the driver of the other vehicle involved in the 1991 accident, alleging that Mr. Roy’s negligence caused the accident. Robbie’s demanded the towing and storage charges from Mr. Sawtelle and A.N.A. Insurance Group (A.N.A.), Mr. Roy’s liability insurer, and moved to intervene in the lawsuit when neither party responded. Mr. |2Sawtelle filed an exception of no right of action on the ground that, in order to obtain any payment due for towing and storage, Robbie’s was required to sue Mr. Sawtelle directly. The trial court granted Mr. Sawtelle’s exception and dismissed the petition of intervention. Robbie’s appealed, assigning as error the dismissal of their petition of intervention.
LAW
One who possesses a justiciable right related to or connected with the object of a pending action may intervene therein to enforce that right. La.C.C.P. art. 1091. A right to seek redress or remedy against any party to the original lawsuit constitutes a “justiciable right” sufficient to support inter *458 vention. Amoco Prod. Co. v. Columbia Gas Trans. Corp., 455 So.2d 1260, 1264 (La.App. 4 Cir.), writs denied, 459 So.2d 542, 543 (La. 1984). Robbie's contractual claim against Mr. Sawtelle clearly satisfies this requirement.
However, the intervenor must also possess an interest in the outcome of the pending action. Bellow v. New York Fire & Marine Underwriters, Inc., 215 So.2d 350, 354 (La.App. 3 Cir.1968). His claim must be so related or connected to the facts or object of the principal action that a judgment on the principal action will impact directly on his rights. Amoco, 455 So.2d at 1264. Thus, a private investigator was not permitted to intervene in a personal injury lawsuit to assert his rights under a contract with the plaintiff for services performed in connection with the accident giving rise to the lawsuit, because judgment on the main demand would not affect the intervenor’s claim. Harrison v. Gaylord’s National Corp., 539 So.2d 909, 910 (La.App. 4 Cir.), writ denied, 541 So.2d 896 (La.1989).
Similarly,. the trial court’s judgment regarding Mr. Roy’s liability for the 1991 accident will have no impact on Robbie’s claim, regardless of which party prevails, _Jsbecause either Mr. Sawtelle will remain liable for the towing and storage expenses or A.N.A. will assume responsibility for these charges. La.R.S. 22:672. Robbie’s alleges that Mr. Sawtelle and A.N.A. will avoid paying the fees if they are not awarded in the present lawsuit, but it is not enough that intervention will aid in the actual payment of a debt apparently due if the claim for that debt will not be affected by. the judgment in the main demand. Thus, the connection between Robbie’s claim and Mr. Sawtelle’s lawsuit is insufficient to support intervention, and therefore the exception of no right of action was properly granted. Chrysler First Fin. Serv. v. ZIA Corp., 542 So.2d 87, 89 (La.App. 1 Cir.1989).
CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court dismissing the appellants’ petition of intervention. Costs of this appeal are assessed against appellants.
AFFIRMED.