DISCIPLINARY PROCEEDINGS
JJPER CURIAM.
Respondent, Allan M. Katz, was convicted in federal court on one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. The criminal activity consisted of an insurance fraud scheme that respondent and a New Orleans physician concocted from 1985 through 1991 and that resulted in the improper payment by insurance companies and other defendants of $268,000 in settlement proceeds. Respondent was sentenced to serve sixteen months imprisonment followed by three years supervised probation, fined $40,000, and ordered to pay restitution of $114,675.
On petition of Disciplinary Counsel, this court ordered that respondent be suspended from the practice of law on an interim basis and that disciplinary proceedings be instituted. See In re. Allan M. Katz, 94-0660 (La. 4/28/94): 637 So.2d 451.
Disciplinary Counsel instituted formal charges. Answering those charges, respondent admitted the factual allegations set forth therein, but requested a hearing to present evidence of mitigating circumstances to the Disciplinary Board. At respondent’s request, the hearing was continued until his release from prison. At the hearing, respondent offered his own testimony and documentary evidence in mitigation.[1]
_||Both the Hearing Committee and the Disciplinary Board found the mitigating factors[2] presented did not warrant deviating from the baseline sanction of disbarment in this case. See Louisiana State Bar Association v. Knight E. Doggett, 534 So.2d 941 (La.1988); Louisiana State Bar Association v. Shaheen, 338 So.2d 1347 (La.1976). Respondent has not objected in this court to the *1166 recommended discipline. For the foregoing reasons, this court accepts the recommendations of the Hearing Committee and the Disciplinary Board.
Accordingly, it is ordered that the name of Allan M. Katz be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked and can-celled effective April 28,1994, the date of this court’s order suspending him from the practice of law. All costs of this proceeding are assessed to respondent.
DISBARMENT ORDERED.

. Katz’s testimony focused on the fact that he profited less than his co-conspirator, yet he was sentenced more severely. Rejecting that conten- . tion, the Disciplinary Board in its recommendation to this court noted that ”[t]he fact that one co-conspirator profited more than the other, is not a relevant factor in assessing discipline in this instance.”

. Both the Hearing Committee and the Board considered the following mitigating circumstances: (i) no prior disciplinary record; (ii) full and free disclosure to the Board and cooperation with disciplinary proceedings; and (iii) the imposition of other penalties and sanctions, i.e., the fine, order of restitution and imprisonment.