DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
This disciplinary matter arises from filing of one count of formal charges against re *383 spondent, Jose L. Castro, based on his plea of nolo contendere to four counts of insurance fraud for submitting altered medical records to two insurance carriers.
The underlying facts indicate that on April 14, 1994, respondent was charged by the Orleans Parish District Attorney with four counts of insurance fraud in violation of La. R.S. 22:1243. State of Louisiana v. Jose Castro, No. 369-315, Criminal District Court for the Parish of Orleans. The bill of information alleged that, between February 1 and October 1, 1993, respondent altered and forged four medical reports of a physical therapist to make it appear his clients received more treatment than they actually had, in order to induce insurers to pay larger settlements. The financial injury was in the total amount of $1,800 to two insurance companies, Lloyd’s Assurance of Louisiana ($290.00) and West Republic Insurance ($1,085.00). Respondent pleaded not guilty, blaming the misconduct on an apparently non-existent paralegal, which he identified as “Keisha McHenry.” In a December 1994 interview with police, respondent again placed blame on the fictitious paralegal, an alleged former employee that he was unable to locate. When the police later arranged a photo lineup to identify the alleged paralegal, respondent failed to appear.
After several months of plea negotiations, respondent entered a plea of nolo contendere on March 15, 1996 to the criminal charges, and admitted at trial that he had fabricated the story of the non-existent paralegal. He was sentenced to three years, suspended, with two years inactive probation, 500 hours of community service, and restitution of $1,375 to the insurance carriers. Restitution was completed by respondent in accordance lawith the terms of his probation.
After respondent was convicted and sentenced, disciplinary counsel filed a motion for interim suspension pursuant to Rule XIX § 19. On June 7, 1996, this court granted the motion, suspending respondent from the practice of law until further orders of this court, and ordering disciplinary proceedings be instituted. In Re: Castro, 96-1115 (La.6/7/96), 674 So.2d 986.
On September 4, 1996, one count of formal charges were filed against respondent based on his criminal conviction which constituted serious criminal conduct in violation of Rules 8.4(a), (b), (c) & (d) of the Rules of Professional Conduct, and which adversely reflected upon his fitness to practice law under La. S.Ct. Rules XIX, §.19B. Respondent filed an answer admitting to the, factual allegations, but reserving his right to contest any proposed sanction. At the hearing, respondent offered his own testimony and documentary evidence in mitigation.
On January 24, 1997, the hearing committee rendered its findings concluding that respondent’s misconduct resulted, not from dishonesty, but rather from his youth and inexperience as a solo practitioner.[1] As such, it proposed an eighteen month suspension retroactive to the date of the .interim suspension, with reinstatement conditioned upon twenty hours of continuing legal education in the field of law office management. It further proposed that, in the event of reinstatement, respondent be mentored for a period of time by an older attorney. '
On May 16, 1997, the disciplinary board issued its findings and recommendation. Unlike the committee, the board found that the misconduct was not an isolated instance of a young lawyer making a single mistake. In creating the fictitious wrongdoer and perpetuating the deception for almost a year, the board determined there was continuing intent to deceive by the respondent which was tantamount to obstruction of justice. It further found the ^respondent's professed remorse stemmed “from being caught and not from the wrongdoing.” Based on its review of the record, the disciplinary board recommended respondent be disbarred from the practice of law.
*384 Respondent filed an objection to the recommendation of the disciplinary, contending the recommendation was unduly harsh and requesting adoption of the committee’s recommended sanction.
Based on our review, we conclude that disbarment is appropriate sanction under the facts of this case. We agree with the sentiments expressed in the committee and board that the crime of which respondent was convicted is one that strikes directly a public trust in the profession. This court has disbarred attorneys for similar conduct. In Re: Katz, 95-2614 (La.1/15/96), 665 So.2d 1165; In Re: King, 94-0686 (La.11/30/94), 646 So.2d 326; LSBA v. Doggett, 534 So.2d 941 (La.1988). Several aggravating factors exist in this case: dishonest or selfish motive, pattern of misconduct, multiple offenses and submission of false statements during the disciplinary process. While we recognize that respondent is not experienced in the practice of law, this lack of experience is actually an aggravating circumstance under the facts of this case. Respondent began his dishonest conduct almost immediately upon commencing practice and was “caught in the act” in his first five months of practice. His brief time in practice leaves him totally without any time in practice to point to as an example of honest conduct. Further, although respondent now shows some remorse for his actions, we note that for more than a year, respondent failed to take responsibility for his actions and instead attempted to blame them on a fictitious paralegal.
Accordingly, we accept the recommendation of the disciplinary board.

DECREE

Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the record, briefs, and oral argument, it is the decision of this court that Uthe recommendations of the disciplinary board be accepted.
Accordingly, it is ordered that the name of Jose L. Castro be stricken from the roll of attorneys and his license to practice law in the State of Louisiana be revoked effective the date of his interim suspension, June 7, 1996. All costs of these proceedings are assessed to respondent.

 Calogcro, C.J., not on panel. Rule IV, Part 2, § 3.

. Respondent graduated from law school in 1992. At the time of the criminal misconduct, respondent was 26 years of age and had only five (5) months legal practice experience.