740 So.2d 109 (1999)
In re Evan TOLCHINSKY.
No. 99-B-1742.
Supreme Court of Louisiana.
September 3, 1999.
*110 PER CURIAM.[*]
This attorney disciplinary proceeding arises from a petition for consent discipline filed by respondent, Evan Tolchinsky, an attorney licensed to practice law in the State of Louisiana, in which he seeks to be disbarred.

UNDERLYING FACTS
Since respondent filed his petition for consent discipline prior to the institution of formal charges by the Office of Disciplinary Counsel ("ODC"), the underlying facts are not set forth in detail in the record. However, in his petition, respondent admits to several violations of the Rules of Professional Conduct[1] in connection with his failure to properly supervise his former employee, Jose L. Castro, Jr., a disbarred attorney who engaged in the unauthorized practice of law and improperly solicited clients.[2]

DISCIPLINARY PROCEEDINGS
On October 21, 1998, respondent filed a petition for consent disbarment. The ODC filed its concurrence the following day. A panel of the board reviewed this matter on March 18, 1999. Neither respondent nor the ODC appeared for oral argument.

Disciplinary Board Recommendation
In the board's June 14, 1999 report, it noted that respondent has admitted that he violated the Rules of Professional Conduct by his failure to properly supervise his former employee, Jose Castro, a disbarred attorney. The board found that respondent breached duties owed to the legal system, the profession, and the public, and it concluded that respondent's conduct was knowing and intentional. As mitigating factors, the board found the following: no prior discipline; cooperative attitude toward proceedings; inexperience in the practice of law; and remorse. The board noted the following aggravating factors: pattern of misconduct; multiple offenses; and vulnerability of the victim.
Accordingly, the board recommended respondent be disbarred from the practice of law and that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.

DISCUSSION
Respondent has admitted that he violated the Rules of Professional Conduct by failing to supervise his former employee, Jose Castro, a disbarred attorney who, while working for respondent, engaged in the unauthorized practice of law and improperly *111 solicited clients by using runners. Respondent was apparently aware of Mr. Castro's misconduct, but he did not report Mr. Castro to the appropriate authorities or take steps to stop him from practicing law.
Based on these facts, we conclude disbarment is an appropriate sanction. Accordingly, we will accept the petition for consent discipline.

DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record, it is ordered that the name of Evan Tolchinsky be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs in the matter are assessed against respondent, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[*] Kimball, J. not on panel. Rule IV, Part II, § 3.
[1] Respondent admits to violations of Rules 5.1(a) (ensuring that all lawyers in the lawyer's firm conform to the Rules of Professional Conduct), 5.1(c) (a lawyer's responsibility for another lawyer's violation of the Rules of Professional Conduct), 5.3 (responsibilities regarding non-lawyer assistants), 5.5(b) (aiding a non-lawyer in the unauthorized practice of law), 7.2 (solicitation of prospective clients), 8.3 (responsibility to report professional misconduct), 8.4(a) (violating the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
[2] This court disbarred Mr. Castro in 1997 after he pleaded nolo contendere to four counts of insurance fraud for submitting altered medical records to two insurance carriers. In re: Castro, 97-1304 (La.9/19/97), 699 So.2d 382. After being disbarred, Mr. Castro was found to have used runners to solicit business and to have engaged in the unauthorized practice of law. This court then extended for an additional five years the minimum period for readmission pursuant to Supreme Court Rule XIX, § 24(A). See In re: Castro, 99-0707 (La.6/18/99), 737 So.2d 701.